# In the United States Court of Federal Claims

No. 19-386T
Reissued: August 17, 2020[1]

**CORRECTED COPY**

| | |
|---|---|
| **CAMERON GREGORY AND KATHLEEN GREGORY,** *Plaintiffs/Counter-Defendants*, v. **UNITED STATES,** *Defendant/Counter-Claimant*. | **Keywords:** Signature Requirement; Waiver Doctrine; 26 U.S.C. § 7422; Treas. Reg. § 301.6402-2; *Angelus Milling Co. v. C.I.R.*, 325 U.S. 293 (1945); I.R.C. § 6061; I.R.C. § 6065; Subject Matter Jurisdiction. |

*Kathryn N. Magan*, Magan Law, PLLC, North Richland Hills, TX, for Plaintiffs.

*Katherine R. Powers*, Trial Attorney, Tax Division, U.S. Department of Justice, *with whom were Mary M. Abate*, Assistant Chief, Court of Federal Claims Section, *David I. Pincus*, Chief, Court of Federal Claims Section, and *Richard E. Zuckerman*, Principle Deputy Assistant Attorney General, U.S. Department of Justice, Washington, DC, for Defendant.

## MEMORANDUM OPINION & ORDER

**TAPP, Judge.**

In this tax refund case, Plaintiffs Cameron and Kathleen Gregory (collectively, the "Gregorys" or "taxpayers") seek a $1,039 federal income tax refund for the 2015 tax year. (Second Redacted Compl. ("Compl.") at 7, ECF No. 31). The Gregorys claim they are entitled to the employer-provided housing exclusion under 26 U.S.C. § 119. (Compl., at 5–6). Defendant, the United States, now moves to dismiss the Gregorys' Complaint pursuant to RCFC 12(b)(1), alleging that the Gregorys failed to sign the returns relevant to their claim and failed to properly authorize a representative to sign on their behalf. (Def.'s Mot. to Dismiss ("Def.'s Mot.") at 2, ECF No. 40). On June 26, 2020, the Gregorys filed their Response, arguing that the IRS waived the signature requirements by examining and taking action on the merits of their claim, as evidenced by the IRS's November 2018 and December 2018 letters. (Pls.' Resp., ECF No 41). The United States filed its Reply on July 17, 2020. (Def.'s Reply, ECF No. 44). This matter is now fully briefed and ripe for decision.

As explained below, signing a tax return under penalty of perjury is a jurisdictional requirement in tax refund suits that cannot be waived. Therefore, the Court **GRANTS** the United States' Motion to Dismiss.

---

[1] This opinion is reissued to correct minor typographical errors.

### I. Background

The Gregorys are United States citizens and government defense contractors that have worked at Joint Defense Facility Pine Gap near Alice Springs, Australia, since at least 2015. (Compl. at 4). The Gregorys timely filed their original federal return Form 1040 for tax year 2015 on or about April 15, 2016, which claimed a refund of $348.00. (Compl. at 4, Ex. A).

On June 12, 2017, the IRS issued the Gregorys a Notice for taxable year 2015, proposing changes to the Gregorys' original return that would have resulted in an additional tax assessment of $3,409. (Pls.' Resp. at 2; Def.'s Mot. at 3). The Gregorys submitted a letter expressing their disagreement with these proposed changes. (Def.'s Mot. at 4). The letter was signed with the Gregorys' original signatures. (*Id.*, App. at 34). Ultimately, the IRS did not assess the $3,409 proposed in the June 12, 2017 Notice. (Pls.' Resp. at 2; Def.'s Mot. at 4).

In late 2018, the Gregorys retained Castro & Co., LLC ("Castro"), to review their 2015 tax returns, prepare an amended return to claim the employer-provided lodging exclusion under 26 U.S.C. § 119(a)(2), and correct other income reporting errors. (Compl. at 4).[2] Thereafter, Castro timely filed the Gregorys' 2015 amended tax return (Form 1040X), claiming exclusions for foreign earned income and employer-provided lodging. (*See id.* at 5, Ex. B). The amended return did not contain the signatures of either Kathleen or Cameron Gregory.[3] (Pls.' Resp. at 7–8). Instead, the amended return was signed by Tiffany Michelle Hunt ("Hunt"), a tax preparer associated with Castro. (*Id.*). The amended return was not accompanied by a Form 2848 authorizing Hunt to sign amended returns on the taxpayers' behalf.[4] (*Id.* at 8).

In a November 19, 2018 letter, the IRS notified the Gregorys that in processing their return, the IRS "made some corrections to [their] form 1040X which may have affected [their] refund or balance due" and that "[t]hese changes may have been due to an error on your original return or an additional adjustment we made to your account, which you should have been notified of in a separate notice." (Compl., Ex. C). The letter specified that the Gregorys' original return included other income and taxes on that income, which was not included on the amended return. (*Id.*). On December 3, 2018, the IRS sent the Gregorys a Form Notice CP21B indicating that the requested changes regarding the Gregorys' self-employment tax, foreign-earned income exclusion, and others were granted. (Compl., Ex. D ("We made the changes you requested to your 2015 Form 1040 to adjust your [self-employment tax, foreign earned income exclusion, and other income].")). On the same day as the December letter, the IRS issued the Gregorys a refund in the amount of $21,252, which was $1,039 less than what the Gregorys requested in their

---

[2] This is one of several cases filed in the Court of Federal Claims involving refund claims prepared by Castro & Co. *See Dixon v. United States*, 147 Fed. Cl. 469 (2020), *appeal docketed*, No. 20-1584 (Fed. Cir. Mar. 2, 2020); *Hall v. United States*, No. 19-463T, 2020 WL 1982877 (Fed. Cl. Apr. 27, 2020); *Clark v. United States*, No. 19-713; *Murray & Buchanan v. United States*, No. 19-1838; *Mattson v. United States*, No. 19-1113; *Brown v. United States*, No. 19-848.

[3] On the original and amended returns for taxable year 2015, the taxpayers are identified as Kathleen *Henley* and Cameron Gregory. The discrepancy in surnames for Kathleen has not been explained. (*See* Compl., Ex. A, Ex. B).

[4] The 2014 version of IRS Form 2848 is available at https://www.irs.gov/pub/irs-prior/f2848--2014.pdf.

original amended return. (*See* Compl. at 5, 7). On March 13, 2019, the Gregorys filed this tax refund suit seeking a $1,039 refund for tax year 2015. (*Id.* at 7).

## II. Standard of Review

The burden of establishing subject matter jurisdiction rests with the plaintiff, who must do so by a preponderance of the evidence. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988). When considering a motion to dismiss for lack of subject matter jurisdiction, the court accepts as true all uncontroverted factual allegations made by the non-movant and draws all inferences in the light most favorable to that party. *Estes Exp. Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014). Pursuant to RCFC 12(b)(1) and 12(h)(3), the Court must dismiss claims that do not fall within its subject matter jurisdiction.

This Court's jurisdiction is generally delimited by the Tucker Act, 28 U.S.C. §1491. The Tucker Act limits the Court's jurisdiction to suits "against the United States founded either upon the Constitution, or any act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages not sounding in tort." 28 U.S.C. § 1491(a). Pursuant to the Tucker Act, the Court of Federal possesses subject matter jurisdiction over tax refund suits if certain prerequisites are met. *See United States v. Clintwood Elkhorn Mining Co.*, 553 U.S. 1, 4 (2008). First, a plaintiff must satisfy the full payment rule, which requires that the principal tax deficiency be paid in full. *See Shore v. United States*, 9 F.3d 1524, 1526–27 (Fed. Cir. 1993); *see also Flora v. United States*, 357 U.S. 63, 68 (1958). Second, the plaintiff must duly file a tax refund claim with the IRS. *See* 26 U.S.C. § 7422(a) ("No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected . . . until a claim for refund or credit has been duly filed with the Secretary [of the Treasury] . . ."). Third, the plaintiff must provide the amount, date, and place of each payment to be refunded, as well as a copy of the refund claim when filing suit in the Court of Federal Claims. RCFC 9(m). Unless a plaintiff satisfies these prerequisites, the Court of Federal Claims lacks jurisdiction to hear a tax refund suit. *See Clintwood Elkhorn Mining Co.*, 553 U.S. at 4.

## III. Discussion

The United States seeks dismissal of the Gregorys' Complaint on grounds that the Court lacks subject matter jurisdiction because the Gregorys failed to submit a "duly filed" tax return with the IRS. (Def.'s Mot. at 2). Specifically, the United States argues that because the Gregorys failed to sign their 2015 amended tax returns, said returns were not "duly filed." (Def.'s Mot. at 5–6). This argument is based on the second factor set forth above. Indeed, the Gregorys concede that they did not sign their 2015 amended returns. (Pls.' Resp. at 8). However, the Gregorys argue that the United States waived its formal requirements when it investigated the merits of the Gregorys' amended return, noting that the IRS eventually concluded the Gregorys did qualify for the foreign-earned income exclusion but *did not* qualify for the Section 119 employer-provided lodging exclusion. (Pls.' Resp. at 1). In its Reply, the United States contends that the waiver doctrine does not apply to the signature verification requirement, and even if it did, the actions in this case did not amount to waiver of the signature requirement. (Def.'s Mot. at 2).

As explained below, the Court agrees that the Gregorys' failed to file a proper tax refund claim and that subject matter jurisdiction is therefore lacking. As such, there is no occasion to address whether the IRS waived the regulatory signature requirements in this case.

### A.   Requirements to Bring a Tax Refund Claim

To recover an erroneous tax refund assessment, the taxpayer must comply with the tax refund scheme established in the Internal Revenue Code ("I.R.C."). *United States v. Clintwood Elkhorn Min. Co.*, 553 U.S. 1, 4 (2008). Under 26 U.S.C. § 7422:

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

Thus, in order to comply with the tax refund scheme established by the I.R.C., a taxpayer return must be duly filed. To be "duly filed," a return:

> [M]ust set forth in detail each ground upon which a credit or refund is claimed and facts sufficient to apprise the Commissioner of the exact basis thereof. The statement of the grounds and facts *must be verified by a written declaration that it is made under the penalties of perjury*. A claim which does not comply with this paragraph will not be considered for any purpose as a claim for refund or credit.

Treas. Reg. § 301.6402-2(b)(1) (emphasis added).

The signature requirements are not trivial, as "[t]he perjury charge based on a false return has been deemed 'one of the principal sanctions available to assure that honest returns are filed.'" *Borgeson v. United States*, 757 F.2d 1071, 1073 (10th Cir. 1985) (quoting *Vaira v. Commissioner*, 52 T.C. 986, 1005, *rev'd* on other grounds, 444 F.2d 770 (3d Cir. 1971)). The only exception to this requirement is when a legal representative certifies the claim and attaches evidence of a valid power of attorney to the return. Treas. Reg. § 301.6402-2(e). The power of attorney must contain certain identifying information, including a "[d]escription of the matter(s) for which representation is authorized," and "[a] clear expression of the taxpayer's intention concerning the scope of authority granted to the recognized representative(s)." Treas. Reg. § 601.503(a).

Here, after the amended return containing Hunt's signature was filed, the IRS received a Form 2848 for Cameron Gregory that named Hunt as purported power of attorney before the IRS. (Def.'s Mot. at 8, Ex. 5). Notably, the Form 2848 did not contain a clear expression of Cameron Gregory's intention to authorize Hunt to sign a Form 1040X return on his behalf. (*See* Def.'s Mot., Ex. 5). In any event, the Form 2848 was not physically attached to the amended return as required by Treas. Reg. § 301.6402-2(e). Thus, the Gregorys' amended return did not comply with the Treasury Regulations. The Gregorys conceded that their 2015 amended return did not comply with Treas. Reg. § 301.6402-2(b) and (e) in that: (1) the return was not signed by the taxpayers, but rather contained Hunt's signature; and (2) the amended return was not

accompanied by a Form 2848 sufficient to authorize Hunt to sign on their behalf. (Pls.' Resp. at 8 ("Thus, the IRS had in its possession all requirements needed in order determine that Plaintiffs' claim did not comply with [the] formal requirements in [the Treasury Regulations]")). Nevertheless, the Gregorys contend that the IRS waived the signature requirements by investigating the merits of the amended return. The Court disagrees.

### B. The Waiver Doctrine

The IRS may waive compliance with its regulatory requirements by investigating the merits of a refund claim and taking action upon it. *Angelus Milling Co. v. C.I.R.*, 325 U.S. 293, 296 (1945). The waiver doctrine, however, only applies to regulatory requirements and not to statutory requirements mandated by Congress. *Id.* at 296 ("Insofar as Congress has made explicit statutory requirements; they must be observed and are beyond the dispensing power of Treasury Officials."). Where the doctrine applies, three requirements must be met for waiver to be found: (1) the IRS must have "investigated the merits of [the refund] claim"; (2) the IRS must have "taken action" on the claim; and (3) the IRS's determination to "dispense with" the regulatory requirements and to examine the merits of the claim must be "unmistakable." *Id.*

The I.R.C. addresses the signature requirements in two pertinent statutes. Under I.R.C. § 6061,[5] "any return, statement, or other document required to be made under any provision of the internal revenue laws or regulations shall be signed in accordance with forms or regulations prescribed by the Secretary." Under I.R.C. § 6065, "[e]xcept as otherwise prescribed by the Secretary, any return, declaration, statement, or other document required to be made under any provision of the internal revenue laws or regulations *shall contain or be verified by a written declaration that is made under the penalties of perjury*." (emphasis added). Like I.R.C. §§ 6061 and 6065, Treas. Reg. § 301.6402-2(b) requires taxpayers to sign their returns under penalties of perjury. The regulations allow for a person other than the taxpayer to sign under penalties of perjury only if a valid Form 2848 accompanies the return. Treas. Reg. § 301.6402-2(c).

The Gregorys posit that the taxpayer signature requirement is regulatory, and therefore can be waived by the IRS. (Pls.' Resp. at 6–7). Distilled further, the Gregorys argue that the I.R.C. provisions above do not necessarily mandate the signature of the *taxpayer*, but rather someone's signature, not necessarily the taxpayer's, under the penalties of perjury. (*Id.* at 6). The Gregorys maintain that Treas. Reg. § 301.6402-2(b) and (e) are the regulatory provisions requiring an original taxpayer signature or a power of attorney attached if an agent signs on the taxpayer's behalf. (*Id.* at 6–7).

The United States counters that I.R.C. creates a default statutory rule that is not waivable by the IRS. (Def.'s Reply at 6) ("Section 6061 and 6065 should . . . be understood to create a default rule that refund claims must be signed by the taxpayers under the penalties of perjury."). In addressing the relationship between the I.R.C. and the Treasury Regulations, the United States contends that the regulations merely operate to relax the statutory default rule and specify *how* the statutory requirements may be met. (*Id.* at 6–7).[6] In other words, the United States argues that

---

[5] I.R.C. § 6061 contains exceptions not applicable here.

[6] In the alternative, the United States argues that even if the taxpayer signature requirement were regulatory and not statutory, the only portion of said regulations that are waivable by the IRS are those relating to the refund claim-specificity requirement of Treas. Reg. § 301.6402-2(b)(i),

if the IRS "dispensed with" the regulatory modifications allowing for an accompanied power of attorney, the unmodified default rule imposed by the I.R.C. would nonetheless apply to require the taxpayer's signature. (*Id.*). The United States maintains that, as a practical matter, the Gregorys' interpretation of Sections 6061 and 6065 would allow a taxpayer to avoid liability for perjury while still complying with the I.R.C. so long as anybody has signed the returns. (*Id.* at 9). The Court agrees with the United States on these points.

The taxpayer signature requirement is statutory in nature and thus the waiver doctrine is inapplicable. I.R.C. §§ 6061, 6065; *Angelus Milling*, 325 U.S. at 296. Like I.R.C. §§ 6061 and 6065, Treas. Reg. § 301.6402-2(b) requires taxpayers to sign their returns under penalties of perjury. The regulations allow for a person other than the taxpayer to sign under penalties of perjury only if a valid Form 2848 accompanies the return. Treas. Reg. § 301.6402-2(c). The Gregorys' interpretation of the regulations, which would allow anyone to sign a taxpayer's return regardless of whether a valid Form 2848 accompanies the return, is incongruent with this clear regulatory framework. To adopt the Gregorys' interpretation would also thwart the regulations' evident purpose. The IRS's requirement that taxpayers sign under penalties of perjury enables the IRS "to enforce directly against a rogue taxpayer." *Dixon v. United States*, 147 Fed. Cl. 469, 476 n.5 (2020) (citing *United States v. Beverley*, 775 Fed. App'x. 468, 472 (11th Cir. 2019)). A tax preparer, such as Hunt, cannot be held liable for perjury in the context of signing a tax return. *See id.* (collecting statutes). The United States correctly asserts that the Gregorys' interpretation would allow a taxpayer to avoid liability for perjury while satisfying the I.R.C so long as someone else signs their returns. (Def.'s Reply at 9). Thus, the Court concludes that the taxpayer signature requirements are not waivable and subject matter jurisdiction over the Gregorys' claim is therefore lacking. In light of this conclusion, there is no occasion to discuss the alternative arguments regarding whether a waiver occurred in this case.

### IV. Conclusion

The Gregorys admit that their 2015 amended return did not contain a valid signature and thus was not "duly filed." The IRS may not waive the statutory taxpayer signature requirement. Consequently, the Court lacks jurisdiction to hear this suit. Therefore, the Court **GRANTS** the United States' Motion to Dismiss, (ECF No. 40), pursuant to RCFC 12(b)(1).

Accordingly, there being no just reason for delay, the Clerk is directed to **ENTER** judgment, pursuant to RCFC 54(b), dismissing the Complaint.

In addition, the parties shall file a Joint Status Report on or before **Monday, August 17, 2020** proposing a schedule for further proceedings concerning the United States' counterclaims.

**IT IS SO ORDERED.**

s/    David A. Tapp
DAVID A. TAPP, Judge

---

stating that the refund claim set forth the "grounds upon which . . . a refund is claimed" and "facts sufficient to apprise the Commissioner of the exact basis thereof." (Def.'s Reply at 10). However, because the Court finds the statutory signature requirement is not waivable, there is no occasion to address this alternative argument.